UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DEWAYNE MIDDLETON** | **CIVIL ACTION NO. 3:15-cv-2445** |
|     **LA. DOC #116831** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Dewayne Middleton, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 28, 2015. Petitioner attacks his 1987 convictions for aggravated rape, aggravated kidnapping, and robbery and the hard labor sentences imposed thereon by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and that it be **DISMISSED** for want of jurisdiction.

*Statement of the Case*

On March 4, 1987, petitioner was convicted of aggravated rape, aggravated kidnapping, and robbery in the Fourth Judicial District Court; he was sentenced to serve two life sentences plus forty years. His convictions and sentences were affirmed in an unpublished opinion of the Second Circuit Court of Appeal. *State v. Middleton*, 545 So.2d 723 (La. App. 2 Cir. 1989) (Table).

His attempts thereafter to obtain post-conviction relief were unsuccessful at every level.

*See State of Louisiana v. Dewayne Middleton*, 95-0555 (La. 12/19/1996), 684 So.2d 948; *State of Louisiana ex rel. Dewayne Middleton v. State of Louisiana*, 98-0469 (La. 7/2/1998), 721 So.2d 907. *State of Louisiana ex rel. Dewayne Middleton v. State of Louisiana*, 99-3517 (La. 6/16/2000), 764 So.2d 960.

On June 30, 2000, he filed a petition for writ of *habeas corpus* in this Court. That petition raised, among others, a claim of ineffective assistance of counsel. On September 27, 2000, it was dismissed with prejudice as time-barred under the provisions of 28 U.S.C. §2244(d)(1). Petitioner did not appeal. *Dewayne Middleton v. Warden Burl Cain*, Civil Action No. 3:00-cv-1577.

Another round of state post-conviction litigation terminated unfavorably on February 2, 2007. *State of Louisiana ex rel. Dewayne Middleton v. State of Louisiana*, 2006-1437 (La. 2/2/2007), 948 So.2d 193.

On April 16, 2007, petitioner filed a second petition for writ of *habeas corpus* in this Court. Among others, petitioner again asserted an ineffective assistance of counsel claim. On July 19, 2007, the petition was deemed second and successive and dismissed because petitioner failed to seek and obtain authorization to file his petition from the United States Fifth Circuit Court of Appeals. *Dewayne Middleton v. Warden Burl Cain*, Civil Action No. 3:07-cv-0706.

On September 18, 2007, he filed a petition in the Fifth Circuit seeking authorization to file a successive *habeas* petition. Among other things, he again raised a claim of ineffective assistance of counsel.  On November 6, 2007 the fifth Circuit Court of Appeal denied such authorization. *In re: Dewayne Middleton*, No. 07-30855.

Another round of State post-conviction litigation ended on July 31, 2015, when the

2

Louisiana Supreme Court denied writs finding this latest petition to be time-barred by the provisions of La. C.Cr.P. art. 930.8(A). *State of Louisiana ex rel. Dewayne Middleton v. State of Louisiana*, 2014-1669 (La. 7/31/2015), 174 So.3d 1141.

Petitioner filed the instant petition on September 28, 2015. Once again he attacks his 1987 Ouachita Parish convictions for aggravated rape, aggravated kidnapping, and robbery. He again argues claims of ineffective assistance of trial and post-conviction counsel.

### *Law and Analysis*

As petitioner is aware, Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This is the third petition for *habeas corpus* filed by this petitioner. This petition attacks the same felony convictions and the sentences imposed by the Fourth Judicial District Court in 1987. As noted above, petitioner's first petition for *habeas corpus* was dismissed with prejudice as time-barred, however, a *habeas* petition dismissed as time-barred is considered as having been adjudicated on the merits for the purposes of the gate-keeping rules on successive petitions. *In re: Flowers*, 595 F.3d 204 (5th Cir.2009).

This petition attacks the same convictions which were the subject of the previous petitions. Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re: Cain*, 137 F.3d 234, 235 (5th Cir.1998)*; see also Crone v. Cockrell,* 324 F.3d 833. Petitioner once again raises claims of

3

ineffective assistance of counsel. Similar claims were raised and dismissed with prejudice. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed **SUCCESSIVE** and that it be **DISMISSED** for want of jurisdiction pursuant to 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

**from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe , Louisiana, November 24, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**